IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARVIN D. NAYLOR                                                                    PETITIONER

VS.                                                                    CIVIL ACTION NO.  3:17cv2-DPJ-FKB

WILLIAM D. "BILLY" SOLLIE                                                           RESPONDENT

### REPORT AND RECOMMENDATION

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Marvin D. Naylor, a pretrial detainee currently being held at the Lauderdale County Detention Facility on various state drug and firearm charges, including felon-in-possession.  In the petition, he alleges that he has been held since November of 2015 without bond, that his right to a speedy trial has been violated, and that he should either be granted bond or the charges should be dismissed.  Presently before the Court is Respondent's motion to dismiss.  Naylor has not responded to the motion.

A state court prisoner may raise a speedy trial claim under § 2241 in order to force the state to bring him to trial.  *Brown v. Estelle*, 530 F.2d 1280, 1283 (1976) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)).  However, relief under § 2241 is not available where, as in the present case, the petitioner seeks only dismissal of state charges and release based upon a violation of the right to a speedy trial.  *Id.*  Thus, Naylor's allegation of a speedy trial violation fails to state a claim.

Naylor also asks that a reasonable bond be set in his state court proceeding.  It is unclear whether he is challenging a denial of bond or is alleging that he was granted bond but that its amount was excessive.  In any event, Naylor has not shown that he has exhausted his state court remedies as to this claim.  *See Dickerson v. State of*

*Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (although § 2241 contains no statutory exhaustion requirement, a judicially-crafted requirement of exhaustion of state remedies applies). Therefore, this Court may not entertain this ground for relief.

For these reasons, the undersigned recommends that Respondent's motion be granted and the petition dismissed. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 26th day of July, 2017.

s/ F. Keith Ball<br>United States Magistrate Judge