UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARVIN D. NAYLOR                                                                                        PETITIONER

V.                                                                    CIVIL ACTION NO. 3:17-CV-2-DPJ-FKB

WILLIAM D. "BILLY" SOLLIE                                                                         RESPONDENT

ORDER

This habeas corpus proceeding is before the Court on the Report and Recommendation [9] ("R&R") of United States Magistrate Judge F. Keith Ball. Judge Ball recommends dismissal, to which Petitioner Marvin D. Naylor objects [10]. The Court finds that the R&R should be adopted as the Court's opinion.

In simple terms, Naylor says he has been denied the right to a speedy trial. According to him, he was arrested some 21 months ago on drug and firearm charges, yet he has not been tried. Understandably aggrieved by that delay, Naylor filed a petition in this Court under 28 U.S.C. § 2241, seeking dismissal of those charges or, alternatively, that he be released on a reasonable bond. Judge Ball concluded that Naylor had not exhausted his bond-related claim and dismissal of his state charges is not available under § 2241. *See* R&R [9] at 1. In his Objection, Naylor addresses the dismissal recommendation but skips the bond-related recommendation. *See* Obj. [10] at 1–2. The bond-related recommendation is therefore adopted as unopposed.

As for the speedy-trial claim, Judge Ball correctly noted that a petitioner may not seek dismissal of state charges under § 2241 based on speedy-trial violations. R&R [9] at 1 (citing *Brown v. Estelle*, 530 F.2d 1280, 1283 (1976)). Naylor disagrees, stating that he has "yet to find this claim in law." Obj. [10] at 1. But Naylor overlooks *Brown v. Estelle*, the binding precedent Judge Ball cited. And *Brown* is not the only Fifth Circuit opinion reaching that same conclusion.

*See, e.g.*, *Dickerson v. State of La.*, 816 F.2d 220, 227 (5th Cir. 1987) (affirming denial of habeas corpus relief where petitioner sought dismissal of state-court conviction on speedy-trial grounds and no special circumstances existed).

Naylor spends the rest of his Objection explaining why the delay in his prosecution violates his speedy-trial rights and Mississippi law. He might be right. But that is a question for his state-court judge. As stated, this Court cannot dismiss pending state-court charges based on the Sixth Amendment absent special circumstances not present here. *Brown*, 530 F.2d at 1283. So while Naylor should pursue this argument in state court, this Court adopts Judge Ball's R&R and dismisses the Petition [1].

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 4th day of August, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE